1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AF HOLDINGS LLC,

11          Plaintiff,                    No. 2:12-cv-01063 JAM KJN

12      v.

13   JOHN DOE,

14          Defendant.                    <u>ORDER</u>
     _____/

15

16          Presently before the court is plaintiff's ex parte application for leave to conduct

17   expedited discovery ("Application") pursuant to Federal Rule of Civil Procedure 26(d)(1).[1]

18   Plaintiff seeks leave of court to serve a discovery subpoena on nonparty Internet Service Provider

19   ("ISP") Bright House Networks, and if necessary serve subpoenas on other "intermediary ISPs,"

20   in order to obtain the true identity of defendant "John Doe," who is alleged to have infringed on

21   plaintiff's copyrighted video entitled *Popular Demand*.  (<u>See generally</u> Application, Dkt. No. 7;

22   <u>see also</u>, <u>e.g.</u>, Compl. ¶¶ 1, 3-4.).  Because plaintiff did not request a hearing, and oral argument

23   would not materially aid the resolution of the pending matter, the court resolves plaintiff's

24   Application on the moving papers and record.  <u>See</u> Fed. R. Civ. P. 78(b); E. Dist. Local

25   _____

26       [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

                                                1

Rule 230(g).  In consideration of the Application, and for the reasons stated below, the court

grants plaintiff's Application for leave to conduct limited early discovery and authorizes plaintiff

to serve nonparty subpoenas pursuant to Federal Rule of Civil Procedure 45 and in accordance

with the remainder of this order.

I.      BACKGROUND

        On April 23, 2012, plaintiff filed complaint against defendant "John Doe,"

asserting claims of copyright infringement, contributory infringement, and negligence in regards

to the copyrighted video entitled *Popular Demand* ("Video").  (See generally Compl.)  Plaintiff

alleges that it is the "exclusive holder of the relevant rights" with respect to the Video.[2]  (Id. ¶ 2.)

        Plaintiff alleges that John Doe used an online peer-to-peer media distribution

system, a "BitTorrent" file sharing protocol, to download the Video and then distribute the Video

to numerous, unidentified third parties.[3]  (See Compl. ¶¶ 4, 22-24.)  Plaintiff alleges that it does

---

[2]  Plaintiff alleges that the Video is currently registered with the U.S. Copyright Office, and that plaintiff "received the rights to the Video pursuant to an assignment agreement." (Compl. ¶ 19 & Exs. A-B.)  Pursuant to 17 U.S.C. § 501(b), the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  Accord Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005) (en banc).

[3]  The complaint generally describes the mechanics of the BitTorrent protocol. (Compl. ¶¶ 8-17; see also Hansmeier Decl. ¶¶ 8-13, Dkt. No. 7, Doc. No. 7-1.)  A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

        In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers."  The group of peers involved in downloading/distributing a particular file is called a "swarm."  A server which stores a list of peers in a swarm is called a "tracker."  A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

        The BitTorrent protocol operates as follows.  First, a user locates a small "torrent" file.  This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution.  Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file.  Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data

not know the actual name of John Doe at this time.[4]  (Id. ¶ 4.)  However, through use of

investigators, plaintiff has identified evidence of John Doe's alleged infringing activities, as well

as identifying information about John Doe.  Plaintiff represents that it has identified John Doe by

the unique Internet Protocol ("IP") address "174.134.190.54," which corresponds with plaintiff's

observation of John Doe's alleged infringing activities on December 22, 2011, at 6:25 a.m.[5]  (See

id. ¶¶ 22-23; see also Hansmeier Decl. ¶¶ 27.)  Additionally, plaintiff has determined that Bright

House Networks is the ISP that provided the above-referenced IP address to John Doe.

(Hansmeier Decl. ¶ 24, 28.)

On May 3, 2012, plaintiff filed the pending Application in order to discover John

Doe's actual name so that plaintiff may name him in an amended complaint and serve process.

(See Application at 4 ("Without knowing [John Doe's] identity, Plaintiff will have no means to

name and serve anyone with process.").)  Plaintiff seeks leave of court to serve a Rule 45

subpoena on Bright House Networks in order to learn the actual name of John Doe.

Additionally, plaintiff asserts that certain ISPs lease or otherwise allocate certain IP addresses to

unrelated ISPs, and that the absence of a direct relationship, such as a contractual relationship,

---

to the other peers in the swarm.  When the download is complete, the
BitTorrent client continues distributing data to the peers in the swarm until
the user manually disconnects from the swarm or the BitTorrent client
otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2
(N.D. Cal. May 31, 2011) (unpublished).

[4]  The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637,
642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to
identify such defendants where the identities of those defendants are not be known prior to the filing
of a complaint, "unless it is clear that discovery would not uncover the identities, or that the
complaint would be dismissed on other grounds."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.
1980).

[5]  Plaintiff's complaint alleges that plaintiff used "geolocation technology to trace [John
Doe's] IP address . . . to a point of origin within the State of California."  (Compl. ¶ 6.)  Plaintiff also
alleges that it identified a unique file "hash" identifier associated with the particular BitTorrent
swarm: "6C10F2DCFF52961B876AA592183103BAC958E989."  (Id. ¶ 24.)

1  between the "lessor ISP" and the end-user deprives the lessor ISP of the ability to identify alleged

2  infringers like John Doe.  (Application at 2; Hansmeier Decl. ¶ 30.)  Accordingly, plaintiff also

3  seeks leave to serve Rule 45 subpoenas on "lessee" ISPs to the extent that Bright House

4  Networks is a lessor ISP that cannot identify John Doe.  (See Application at 2; Hansmeier Decl.

5  ¶ 30; Proposed Order at 1-2, Dkt. No. 7, Doc. No. 7-2.)

6        No status (pretrial scheduling) conference has been set in this case.  (See Order

7  Requiring Joint Status Report at 2, Dkt. No. 5.)  It is highly unlikely that a discovery conference

8  pursuant to Federal Rule of Civil Procedure 26(f) has taken place given plaintiff's representation

9  that it does not presently know John Doe's actual name.

10  II.    LEGAL STANDARDS

11        Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek

12  discovery from any source before the parties have conferred as required by Rule 26(f), except in a

13  proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

14  rules, by stipulation, *or by court order*" (emphasis added).  District courts within the Ninth

15  Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of

16  "good cause."  See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160,

17  1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D.

18  Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

19  "Good cause exists where the need for expedited discovery, in consideration of the

20  administration of justice, outweighs the prejudice to the responding party."  In re Countrywide

21  Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and quotation marks omitted).

22  III.   DISCUSSION

23        Here, plaintiff seeks permission to conduct limited early discovery and serve

24  Rule 45 subpoenas on ISPs that may very well be able to assist plaintiff in identifying the true

25  identity of John Doe.  District courts within the Ninth Circuit have regularly found good cause

26  supporting early or expedited discovery in cases where the plaintiff alleged copyright

4

1  infringement accomplished through distribution of the work over a peer-to-peer network, and

2  where the plaintiff only named Doe defendants and sought early discovery to obtain the identities

3  and contact information of the alleged infringers from associated ISPs.  See, e.g., Berlin Media

4  Art E.K. v. Does 1 through 146, No. S-11-2039 KJM GGH, 2011 WL 4056167, at *2 (E.D. Cal.

5  Sept. 12, 2011) (unpublished) (granting leave to conduct expedited discovery in the form of

6  Rule 45 subpoenas seeking "information sufficient to identify each Doe defendant by name,

7  current and permanent address, telephone number, and e-mail address"); UMG Recordings, Inc.

8  v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4-5 (N.D. Cal. Sept. 3, 2008) (unpublished)

9  (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking

10  "documents that identify Defendant, including the name, current (and permanent) address and

11  telephone number, e-mail address, and Media Access Control addresses for Defendant" John

12  Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1-2

13  (S.D. Cal. Dec. 20, 2007) (granting leave to conduct expedited discovery in the form of Rule 45

14  subpoenas seeking documents that would reveal each Doe defendant's "true name, current and

15  permanent addresses and telephone numbers, e-mail addresses, and Media Access Control

16  addresses.").

17        For example, in Arista Records LLC, the plaintiffs alleged that unidentified

18  defendants used an online media distribution system to download and distribute plaintiffs'

19  copyrighted works to the public without permission.  Arista Records LLC, 2007 WL 4538697, at

20  *1.  Because the plaintiffs were only able to identify each defendant by a unique IP address

21  assigned to that defendant, plaintiffs filed an ex parte application seeking leave to immediately

22  serve discovery on a nonparty ISPs to identify the Doe defendants' true identities.  Id.  The

23  district court found good cause to allow expedited discovery on the basis of the plaintiffs' prima

24  facie showing of infringement, the risk that the ISP would not long preserve the information

25  sought, the narrow tailoring of the requests to the minimum amount of information needed to

26  identify the defendants without prejudicing their rights, and the fact that the expedited discovery

1   would substantially contribute to moving the case forward.  Id.  The court further noted that,

2   without such discovery, plaintiffs could not identify the Doe defendants and would not be able to

3   pursue their lawsuit to protect their copyrighted works.  Id.

4          Here, the undersigned finds that good cause supports permitting plaintiff to

5   conduct limited early discovery in order to discover John Doe's actual identity and contact

6   information.[6]  First, plaintiff has persuasively argued that it cannot identify John Doe without

7   limited early discovery and, therefore cannot name John Doe or serve him with process.  Second,

8   plaintiff plainly cannot conduct a Rule 26(f) conference without knowing John Doe's real name

9   and contact information.  Third, plaintiff's representations presently support that the IP address

10  that plaintiff identified is associated with a particular individual and that the discovery sought

11  will facilitate identification of, and service of process on, John Doe.  Fourth, plaintiff's

12  investigative technician has declared that some ISPs store subscriber information associated with

13  particular IP addresses for as little as months or weeks, which supports permitting expedited

14  discovery.[7]  (Hansmeier Decl. ¶ 29.)  The undersigned also finds, at least on the present record,

15  that there is little risk of material prejudice to John Doe or the ISPs if the ISPs are served with

16  Rule 45 subpoenas that require the ISPs to provide the actual name and contact information of

17  one of its customers.  Finally, John Doe and each ISP may move to quash the subpoena or seek a

18  protective order.

19  _____

20      [6]  Although of no material impact on the pending Application, the undersigned notes that
        other magistrate judges of this court have granted plaintiff herein leave to serve Rule 45 subpoenas
21      on an identified ISP and intermediary ISPs in order to identify a single Doe defendant in other cases
        who allegedly infringed on plaintiff's copyrights to *Popular Demand* by use of a BitTorrent protocol.
22      See generally AF Holdings LLC v. John Doe, IP Address 71.195.119.40, No. CIV S-12-1067 KJM
        CKD, 2012 WL 1657828 (E.D. Cal. May 10, 2012) (unpublished); AF Holdings LLC v. Doe, Civ.
23      No. S-12-1064 JAM GGH, 2012 WL 1642048 (E.D. Cal. May 9, 2012) (unpublished); AF Holdings
        LLC v. Doe, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185 (E.D. Cal. May 8, 2012)
24      (unpublished).

25      [7]  Plaintiff's technician's statements about ISPs' data retention policies is rather speculative
        and, therefore, of little value.  It appears that plaintiff did not make an effort to obtain information
26      about Bright House Network's data retention policy.

1    In short, good cause supports permitting plaintiff to conduct limited, expedited

2 discovery.  The minimal risk of prejudice to John Doe, Bright House Networks, or the

3 intermediary ISPs, if any, does not outweigh plaintiff's need for the discovery sought.

4 IV.    <u>CONCLUSION</u>

5    For the foregoing reasons, IT IS HEREBY ORDERED that:

6    1.    Plaintiff's ex parte application to conduct expedited discovery (Dkt. No. 7)

7 is granted.

8    2.    Plaintiff may immediately serve a subpoena pursuant to Federal Rule of

9 Civil Procedure 45 on Bright House Networks to identify the name and contact information for

10 the John Doe defendant who is associated with IP address 174.134.190.54, and may also serve

11 such subpoenas on any "intermediary" or "lessee" ISP that is identified as a result of the

12 subpoena served on Bright House Networks as providing defendant John Doe with Internet

13 services at IP address 174.134.190.54.  Such subpoenas shall be limited in scope and may only

14 seek the following information about defendant John Doe: name, address, telephone number, and

15 e-mail address.  A copy of this order shall be attached to any such subpoena.

16    3.    Bright House Networks, and any other ISP subpoenaed pursuant to this

17 order, shall in turn serve a copy of the subpoena and a copy of this order on the subscriber,

18 defendant John Doe, within 14 days from the date of service of the subpoena on the ISP.  An ISP

19 may serve the subscriber using any reasonable means, including written notice sent to the

20 subscriber's last known address, transmitted either by first-class mail or via overnight service.

21    4.    Any ISP that is served with a subpoena pursuant to this order shall confer

22 with plaintiff before assessing any charge in advance of providing the information requested in

23 the subpoena.  Any ISP that elects to charge for the costs of production shall provide plaintiff

24 with a billing summary and cost reports.

25    5.    Nothing in this order precludes any of the ISPs or defendant John Doe

26 from challenging the subpoenas consistent with the Federal Rules of Civil Procedure and this

court's Local Rules.  However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

6.      If an ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

7.      Any information disclosed to plaintiff by any ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., and other rights stated in the complaint.

IT IS SO ORDERED.

DATED:  May 22, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE