IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

     Plaintiff,                  No. 2:12-cv-01063 JAM KJN

     v.

JOHN DOE,

     Defendant.             ORDER
                              /

        On May 23, 2012, the court granted plaintiff's ex parte application for leave to conduct expedited discovery ("Application"), and authorized plaintiff to conduct limited, expedited discovery to learn the identity of defendant John Doe, who allegedly infringed on plaintiff's copyrighted work and was identified by plaintiff as being associated with the Internet Protocol ("IP") address "174.134.190.54" during an act of infringement.[1] (See generally Order, May 23, 2012, Dkt. No. 8.)  Plaintiff subsequently discovered that its Application contained a "scrivener's error" insofar as the actual IP address that plaintiff's investigator associated with John Doe was not "174.134.190.54," but was "174.134.190.5*6*." (See Gibbs Suppl. Decl. ¶¶ 2-6, Dkt. No. 10, Doc. No. 10-1; see also Hansmeier Suppl. Decl. ¶¶ 2, 27, 33-36, Dkt. No. 12.)  As a

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

result, plaintiff filed a First Amended Complaint containing the correct IP address; a "Motion for Administrative Relief for an Order Amending the Court's May 23, 2012 Order," requesting that the court re-issue its order granting plaintiff leave to conduct expedited discovery based on the correctly identified IP address; and supporting declarations of plaintiff's counsel and plaintiff's investigator (Dkt. Nos. 9-10, 12).

The court has reviewed plaintiff's recent filings and explanation of the "scrivener's error" and concludes that plaintiff remains entitled to conduct expedited discovery consistent with the court's prior order, but in regards to the corrected IP address. Accordingly, IT IS ORDERED that:

1. Plaintiff's Motion for Administrative Relief for an Order Amending the Court's May 23, 2012 Order" (Dkt. No. 10) is granted.

2. Plaintiff's ex parte application to conduct expedited discovery (Dkt. No. 7) is granted for the reasons stated in the May 23, 2012 order, and as further supported by plaintiff's First Amended Complaint, motion for administrative relief, and the supplemental declarations of Brett L. Gibbs and Peter Hansmeier.

3. Plaintiff may immediately serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Bright House Networks to identify the name and contact information for the John Doe defendant who is associated with IP address **174.134.190.56**, and may also serve such subpoenas on any "intermediary" or "lessee" ISP that is identified as a result of the subpoena served on Bright House Networks as providing defendant John Doe with Internet services at IP address **174.134.190.56**. Such subpoenas shall be limited in scope and may only seek the following information about defendant John Doe: name, address, telephone number, and e-mail address. A copy of this order *and the court's May 23, 2012 order* shall be attached to any such subpoena.

4. Bright House Networks, and any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order and the court's May 23,

2012 order on the subscriber, defendant John Doe, within 14 days from the date of service of the subpoena on the ISP.  An ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

      5.    Any ISP that is served with a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.  Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and brief cost reports.

      6.    Nothing in this order precludes any of the ISPs or defendant John Doe from challenging the subpoenas consistent with the Federal Rules of Civil Procedure and this court's Local Rules.  However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

      7.    If an ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

      8.    Any information disclosed to plaintiff by any ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., and other rights stated in the complaint.

IT IS SO ORDERED.

DATED: May 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE